UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HUNKELER EYE INSTITUTE, PA

Plaintiff,

v.

FIRST-CITIZENS BANK & TRUST COMPANY,

Defendant.

Case No. 26-2366-AWM-GEB

# ORDER

This matter comes before the Court on Defendant's Oral Motion for Protective Order **(ECF No. 33)** ("Motion"). After corresponding in writing and by phone for nearly a month, Plaintiff filed its Notice to Take Deposition of Ben Kornegay (ECF No. 21) on September 25, 2026. The deposition is noticed for Monday, October 26, 2026 at 9:00 a.m. in Raleigh, North Carolina. Four business days prior to the deposition, defense counsel wrote to the undersigned's chambers requesting a discovery conference. The Court held a discovery conference on Friday, October 23, 2026 at 3:30 p.m. Plaintiff appeared through counsel Thomas Bender and Dirk Hubbard. Defendant appeared through counsel Justin Nichols and Grant Berning.

Having reviewed the parties' joint position statement and conferral correspondence and having heard the argument of counsel, the Court finds Defendant has not shown good cause why the Court should enter a protective order postponing the deposition. Therefore, the Court **DENIES** Defendant's Motion.

This action was brought by Plaintiff against its bank, Defendant First-Citizens Bank and Trust Company. Defendant provides services for credit card and debit card payment processing to Plaintiff. At some point, Defendant purportedly began using Worldpay US, Inc. ("Worldpay") to process the debit and credit card transactions of Plaintiff's patients. Plaintiff's claims for conversion, negligence, and breach of fiduciary duty are related to fraudulent transactions from a cloned credit card terminal. Defendant filed a Motion to Dismiss (ECF No. 8) and Plaintiff filed a Motion for Leave to File First Amended Complaint (ECF No. 13). Both motions are pending decision.

Mr. Kornegay is employed by Defendant. Defendant argues a significant portion of Mr. Kornegay's testimony will focus on the relationship between Defendant and Worldpay and the actions of each related to Plaintiff's account and should be postponed approximately 60 days to allow it time to add Worldpay as a third-party Defndant. They argue a later deposition of Mr. Kornegay by Worldpay would be burdensome and wasteful.

Defendant alleges Fed. R. Civ. P. 26(c) permits a party or person from whom discovery is sought to move for a protective order. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense… specifying terms, including time and place… for the disclosure or discovery." Fed. R. Civ. P. 26(c). Defendant, as the party seeking a protective order, has the burden to show good cause for it. *Hertenstein v. Kimberly Home Health Care, Inc.,* 189 F.R.D. 620, 624 (D. Kan. 1999) (citing *Sentry Ins. v. Shivers,* 164 F.R.D. 255, 256 (D. Kan.1996)). To establish good cause Defendant must provide "a particular and specific

demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id.* (quoting *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981)).

After discussion, whether Defendant would add Worldpay as a Defendant was likely but not completely certain. Defendant could not articulate how a later deposition would be an undue burden to Mr. Kornegay, why Worldpay could not rely on the deposition transcript, or why a protective order could not be sought should Worldpay be added and also want to depose Mr. Kornegay.

Defendant relies on *Greer v. City of Wichita, Kansas,* No. 16-1185-EFM, 2017 WL 10086698, at *2 (D. Kan. Mar. 30, 2107) where although the court believed the entry of a protective order was a close call, found good cause to "avoid proceeding in a matter that virtually guarantees two separate Rule 30(b)(6) depositions in this case when one should suffice." The court's analysis there was in large part because there was no reason for the deposition to be taken immediately. *Id.* That is not the case here.

Defendant suggests the deposition would only need to be postponed 60 days. But Defendant admitted it would not be prepared to move to add Worldpay as a third-party Defendant for nearly a month. If permitted, Defendant would then have to serve Worldpay who would then have to obtain counsel, file a responsive pleading, and have some opportunity to review documents before determining whether to seek the deposition of Mr. Kornegay. The Court does not believe this will all be accomplished in 60 days.

Plaintiff too needs to evaluate whether to seek to add Worldpay as a Defendant. But unlike Defendant, who has a contract with Worldpay and was a party to its actions with Worldpay regarding Plaintiff's account, Plaintiff asserts it needs to take the deposition of Mr. Kornegay to evaluate whether it should seek leave to add them as a Defendant. The parties proposed, and the Court agreed to a deadline of December 18, 2026 for any motions for leave to amend. For the reasons set forth above, the Court finds Defendant has not met its burden to show good cause for the entry of a protective order postponing the deposition of Ben Kornegay.

**IT IS THEREFORE ORDERED** Defendant's Oral Motion for Protective Order (ECF No. 33) is **DENIED.**

**IT IS SO ORDERED.**

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge